UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case number 04-80836
                                                              Honorable Julian Abele Cook, Jr.

v.

CHARLES MATHIS,

        Defendant.

ORDER

Presently before this Court is a "Motion for Discovery to Support Selective Prosecution Claim" that has been filed by the Defendant, Charles Mathis. For the reasons that have been set forth below, this motion will be denied without prejudice.

I.

On November 10, 2004, Mathis was indicted by a grand jury and charged with violating several federal criminal statutes; namely, (1) felon in possession of a firearm, 18 U.S.C. § 922(g)(1); (2) possession of marijuana with intent to distribute, 21 U.S.C. § 841(a)(1); (3) possession of cocaine with intent to distribute, 21 U.S.C. § 841(a)(1); (4) possession of heroin with intent to distribute, 21 U.S.C. § 841(a)(1); and (5) possession of a firearm during a drug crime, 18 U.S.C. § 924(c)(1)(A). These allegations against him stemmed from a search of an alleged "drug house" on September 24, 2004 by Detroit, Michigan Police Department law enforcement officers.

Relying upon the "Project Safe Neighborhoods" program ("the Program"),[1] the Wayne

---

[1] In essence, this is a federally funded program which is designed to control acts of gun violence throughout the United States.

County (Michigan) Prosecutor's Office referred this case to the United States Attorney's Office for Eastern District of Michigan for prosecution.

II.

In his motion, Mathis complains that "he has been unfairly selected for prosecution based upon his race [under the Project Safe Neighborhoods program]." Def.'s Mot. at 1. In order to support a prima facie claim of selective prosecution in violation of the Equal Protection component of the Fifth Amendment's Due Process Clause of the United States Constitution, U.S. Const. amend. V, a defendant, such as Mathis, must offer "clear evidence" that (1) the prosecutor's decision to prosecute him was motivated by a discriminatory intent and (2) this decision has produced a discriminatory effect. *See U.S. v. Armstrong*, 517 U.S. 456, 465 (1996).

In *Armstrong*, the Supreme Court explained that "[to] establish a discriminatory effect in a race case, the claimant must show that similarly situated individuals of a different race were not prosecuted." *Id*. at 465. Ordinarily, a defendant, who seeks to satisfy this "clear evidence" standard, must obtain discovery of Government documents in order to establish a prima facie claim of selective prosecution. *See Wayte v. U.S.*, 470 U.S. 598, 624 (1985) (Marshall, J., dissenting) ("[M]ost of the relevant proof in selective prosecution cases will normally be in the Government's hands."). Therefore, in reviewing a defendant's formal request for discovery, *Armstrong* places a lower burden upon an accused party who seeks to uncover evidence of alleged selective prosecution than that of the "clear evidence" standard which obligates a defendant to prove a claim of selective prosecution. *See Armstrong*, 517 U.S. at 469. Thus, a defendant—such as Mathis—must offer "some evidence tending to show the existence" of discriminatory intent and discriminatory effect

in order to support a motion for discovery for a selective prosecution claim.[2]  *See id*. at 465 (emphasis added); *U.S. v. Jones*, 159 F.3d 969, 978 (6th Cir. 1998).

This "tending-to-show" standard requires a delicate balance between two competing concerns; namely, (1) the need to avoid frivolous selective prosecution claims that are designed to upset the criminal proceedings and (2) the need to provide the defendant with the necessary evidence to support a doable claim of selective prosecution.  *See Armstrong*, 517 U.S. at 468 ("[Discovery] will divert prosecutors' resources and may disclose the Government's prosecutorial strategy."); *U.S. v. Hazel*, 696 F.2d 473, 475 (6th Cir. 1983) ("'[A evidentiary hearing] is necessary only when the [defendant's] motion alleges sufficient facts to take the question past the frivolous state and raises a reasonable doubt as to the prosecutor's purpose.'") (quoting *U.S. v. Larson*, 612 F.2d 1301, 1304-05 (8th Cir. 1980); *Jones*, 159 F.3d at 978 ("Obviously, a defendant need not prove his case in order to justify discovery on an issue.").

Therefore, with these competing concerns in mind, this Court must now seek to determine if Mathis has set forth sufficient facts which "tend to show" the existence of a discriminatory intent and a resulting discriminatory effect that would support his quest for discovery under the circumstances as outlined in the current pending motion.

III.

---

[2]In *Armstrong*, the Supreme Court noted that "[t]he justifications for a rigorous standard for the elements of a selective-prosecution claim . . . require a correspondingly rigorous standard for discovery in aid of such a claim." 517 U.S. at 468. Nevertheless and in spite of this language, the *Armstrong* court proceeded to apply the "tending-to-show" standard to the defendants' motion for discovery, as opposed to the "clear evidence" standard that is applied against a prima facie claim of selective prosecution. *See id.* at 468-471.  To require a defendant to meet a "correspondingly rigorous standard" (i.e., "clear evidence") for a motion for discovery in support of a selective prosecution claim would effectively render the discovery motion pointless.

The only evidence that Defendant has proffered in this motion are statistics which indicate that 53 of 61 defendants, whose cases were pending in the United States Attorney's Office under the Program in December 2004, were African Americans.[3] *See* Def.'s Ex. 1 ("Detroit - Pending Firearm Case with State Origin" in December 2004)**.**

While these statistics are disturbing, the Court finds that - without attempting to address the merit of Mathis' allegations - they alone neither support nor "tend to show" the existence of a selective prosecution scheme under the Program that would warrant the scope of discovery that he seeks to obtain through this motion. *See Armstrong*, 517 U.S. at 470.

Accordingly and for the reasons noted above, Defendant's "Motion for Discovery in Support of Selective Prosecution Claim" shall be, and is, denied without prejudice.

IT IS SO ORDERED.


Dated:  October 19, 2005                                                s/ Julian Abele Cook, Jr.
                                                                        JULIAN ABELE COOK, JR.
                                                                        United States District Court Judge

---

[3] Mathis's statistical evidence also purports to show that (1) 42.2 % of the residents in Wayne County are Africans Americans, *see* Def.'s Ex. 2, and (2) approximately 75% (or 46 out of 61) of the firearms cases that were referred for federal prosecution under the Program by Wayne County and were pending in the Detroit Federal Defender's Office as of December 2004 involved African Americans defendants, *see* Def.'s Ex. 1.

<u>Certificate of Service</u>

    I hereby certify that on October 19, 2005, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

<u>s/ Kay Alford</u>
Courtroom Deputy Clerk